UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMICA CARTER,

Plaintiff,

v. Case No. 8:26-cv-00488-JLB-SPF

NRA GROUP LLC,

Defendant.
_______________________________________/

**REPORT AND RECOMMENDATION**

This case comes before the Court on Plaintiff Jamica Carter's Motion for Default Judgement ("Motion") (Doc. 14). Pursuant to Federal Rule of Civil Procedure 55, Plaintiff seeks default judgment against Defendant NRA Group LLC based upon Defendant's failure to answer the Complaint. For the reasons set forth below, it is recommended that Plaintiff's Motion be granted.

**I. Background**

Plaintiff, a Florida resident, brings this case against Defendant NRA Group LLC, a debt collector, under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq. (Doc. 1). Defendant is a foreign limited liability company registered to do business in Florida. (Doc. 1, ¶ 3). On January 30, 2026, Plaintiff received a SMS message from Defendant in an attempt to collect an alleged debt. (Doc. 1, ¶¶ 9–10). On January 31, 2026, Plaintiff responded to the message stating, "I'm not letting you recover any money for any debts. I am letting you know this." (Doc. 1, ¶ 11; Doc. 1-1). Defendant responded to the message stating "I understand your position." (Doc. 1, ¶ 12; Doc. 1-1). Despite acknowledging Plaintiff's

position, Defendant still sent an automated reminder regarding the debt on February 3, 2026. (Doc. 1, ¶ 13; Doc. 1-1).

On February 20, 2026, Plaintiff filed the instant matter, arguing that Defendant's actions violated 15 U.S.C § 1692c and 15 U.S.C § 1692d. As of the date of this filing, Defendant has not appeared or otherwise filed a responsive pleading. On April 13, 2026, Plaintiff filed a Motion for Clerk's Entry of Default, requesting the Clerk enter a default against Defendant due to Defendant's failure to plead or otherwise defend which the Clerk entered that day. (Docs. 11, 13). On June 30, 2026,[1] Plaintiff moved for final default judgment seeking statutory damages under 15 U.S.C § 1692k(a)(2)(A) and attorneys' fees and costs. (Doc. 14).

## II. Legal Standard

Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Once this has occurred, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). A court may enter a default judgment against a party who has failed to respond to a complaint if the complaint provides a sufficient basis for the judgment. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). "A defendant, by [its] default, admits the plaintiff's well-pleaded allegations of fact" set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quotation

[1] The Court notes that Plaintiff's motion is untimely under Local Rule 1.10(c) but declines to recommend denial on this basis.

omitted). If well-pleaded, liability is established by virtue of a default. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

Damages, however, are not admitted by default. *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). "Rather, the Court determines the amount and character of damages to be awarded." *Id.* If, to enter or effectuate judgment, it is necessary to conduct an accounting to determine damages, the court may conduct hearings or make referrals as it deems necessary. Fed. R. Civ. P. 55(b)(2). Damages may be awarded "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," if "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232, 1233 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)); *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (a hearing is unnecessary if sufficient evidence is submitted to support the request for damages).

## III. Analysis

Upon review of the filings, and for the reasons stated below, it is recommended that the judgement, including fees and costs, be entered against Defendant.

### A. Jurisdiction

Prior to entry of a default judgment, a district court must ensure it has both subject matter jurisdiction over the claims at issue and personal jurisdiction over the defendant. *See Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975). This case is within the Court's subject matter jurisdiction as it presents a federal claim. *See* 28 U.S.C. § 1331; 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by [the FDCPA] may

be brought in any appropriate United States district court without regard to the amount in controversy . . . within one year from the date on which the violation occurs.").

For a federal court to exercise personal jurisdiction over a nonresident defendant, the forum state's long-arm statute must reach the defendant and the defendant must have sufficient contacts with the forum state such that exercising jurisdiction would not offend due process. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). Here, by claiming that Defendant conducts business in Florida and that Defendant's specific conduct with Plaintiff occurred in this District (Doc. 1, ¶¶ 3–5), Plaintiff has properly alleged personal jurisdiction under Florida's long-arm statute. *See* Fla. Stat. § 48.193 (stating that any person "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state" subjects himself or herself to the jurisdiction of the state).

**B. Service of Process**

In seeking a default judgment, Plaintiff bears the burden of establishing proper service of the Complaint. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("[W]here service of process is insufficient, the court has no power to render judgment and the judgment is void."). Under Rule 4 of the Federal Rules of Civil Procedure, a limited liability corporation (like Defendant) may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) further provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Florida law, service can be accomplished on a limited liability company's registered agent at his registered address. Fla. Stat. § 48.062(2). Here, Plaintiff served Defendant's Registered Agent at its registered address on February 24, 2026,

and filed proof of the service with the Court on March 3, 2026. (Doc. 8). Accordingly, the Court finds that service of process was adequate.

**C. Liability & Damages**

Plaintiff asserts that Defendant's February 3, 2026 text violated sections 1692c and 1692d of the FDCPA. Under section 1692c:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except (1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

15 U.S.C. § 1692c(c). Furthermore, under section 1692d, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Conduct prohibited under this section includes but is not limited to the use of threats or violence, the use of obscene or profane language, publication of a list of consumers who allegedly refuse to pay debts, advertisement of debts to coerce payment, and harassing telephone calls. *Id.*

The FDCPA defines a "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another," with certain exceptions. 15 U.S.C. § 1692a(6). Though not defined in the FDCPA or its enacting regulations, the term "in writing" can encompass "a medium of electronic communication

through which a debt collector accepts electronic communications from consumers." Official Interpretations of Regulation F, 12 CFR part 1006, 85 Fed. Reg. 76734-01, 2020 WL 7014904, at *76898 (Nov. 30, 2020); *see also Campos v. Williams Rush & Associates, LLC.*, No. 8:24-CV-00493-WFJ-AEP, 2024 WL 2868497 (M.D. Fla. May 31, 2024) (noting same).

Here, Plaintiff, a consumer, alleges that Defendant is a debt collector. Moreover, Plaintiff maintains that after receiving Defendant's first text message, she informed Defendant that she would not be paying the debt to which Defendant responded via text message acknowledging her position. Still, Defendant reached out again to remind Plaintiff of the debt. Because Defendant both initiated and continued a text messaging conversation with Plaintiff, the Court may reasonably infer that Defendant accepts electronic communications from consumers. Therefore, Plaintiff's communication was "in writing." *See Campos*, 2024 WL 2868497, at *2. Defendant's February 3, 2026 text does not fall within one of the three expectations listed section 1692c(c). Accordingly, this communication violated 15 U.S.C. § 1692c(c). However, though the Court finds the communication was a violation of 15 U.S.C. § 1692c(c), it does not find that Defendant's conduct was an attempt to intimidate, harass, and oppress Plaintiff and therefore concludes that 15 U.S.C. § 1692d was not violated. *Miljkovic v. Shafritz and Dinkin, P.A.*, 791 F.3d 1291, 1305 (11th Cir. 2015) (noting that allegations of "embarrassment, inconvenience, and further expense" are insufficient to state a claim under 15 U.S.C. § 1692d because the debt collector "must manifest a tone of intimidation") (quotations omitted).

Plaintiff seeks the maximum statutory damages. The FDCPA provides for actual damages and "such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a). When fixing the amount of statutory damages, courts should consider

"the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional," as well as any other relevant factors. 15 U.S.C. § 1692k(b)(1). Here, Plaintiff has not presented the Court with evidence or argument that supports a maximum award in this case. Indeed, Plaintiff's allegations and corresponding documentation demonstrate that at most Defendant sent two improper automated text messages with a vague reminder regarding the debt.[2] (Doc. 1-1). Accordingly, the Court recommends an award of a fourth the maximum, or $250. *See Campos*, 2024 WL 2868497, at *2; *Alston v. Summit Receivables*, No. 617CV1723ORL31DCI, 2018 WL 3448595 (M.D. Fla. June 27, 2018), *report and recommendation adopted*, No. 617CV1723ORL31DCI, 2018 WL 3436789 (M.D. Fla. July 17, 2018) (finding the plaintiff was not entitled to full statutory damages under the FDCPA because "[a] maximum award of statutory damages is reserved for the most egregious cases" and the plaintiff had only alleged that she received an unspecified number of calls).

**D. Attorneys' Fees and Costs[3]**

Plaintiff seeks a total of $3,840.00 in attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3), which permits attorneys' fees and costs to be awarded to the prevailing party in a FDCPA action. Here, as the prevailing party, Plaintiff is entitled to attorneys' fees and costs.

To calculate a reasonable award of attorney's fees, courts multiply the reasonable hourly rate by the reasonable hours expended. *See Hensley v. Eckerhart*, 461 U.S. 424, 433-34

---

[2] The Court notes that every message from Defendant included the line "Reply STOP to opt out" but Plaintiff declined to use this avenue to cease text message communications. (Doc. 1-1).

[3] The Court is cognizant that Local Rule 7.01 prescribes a bifurcated procedure for the determination of costs post-judgment. However, in the interest of judicial economy, the Court will address both entitlement and amount in its Recommendation.

(1983); *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). In determining the lodestar figure, a "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. In this context, "market rate" means the hourly rate charged in the local legal market by an attorney with expertise in the area of law who is willing and able to take the case, if indeed such an attorney exists. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). The fee applicant bears the burden of establishing that the requested rates are in line with the prevailing market rates by producing direct evidence of rates charged in similar circumstances or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. At a minimum, satisfactory evidence consists of more than the affidavit of the attorney performing the work; instead, "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Id.* Moreover, this Court is "an expert on the question [of reasonable hourly rates] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).

Plaintiff's counsel submitted an affidavit stating that she expended 8.7 hours on this matter at an hourly rate of $450.00, plus a flat rate onboarding consultation of $285.00, for a total fee request of $3,840.00. (Doc. 14-2, ¶ 7). In her affidavit, counsel indicates that she has fourteen years of litigation experience and currently practices in the areas of personal injury law and consumer protection law. (Doc. 14-2, ¶ 1). Though counsel asserts that her hourly rate is "consistent with rates charged by attorneys of comparable skill, experience, and reputation for similar federal consumer protection litigation in this district," her affidavit is

unsupported. (*Id.*). Moreover, based on its own knowledge and experience concerning reasonable and proper fees, the Court concludes that $450.00 per hour is not the prevailing market rate in the Middle District for straightforward FDCPA cases. *See e.g.*, *Campos v. Williams Rush & Associates, LLC*, No. 8:24-CV-00493-WFJ-AEP, 2024 WL 3344973, at *1 (M.D. Fla. July 9, 2024) (reducing Plaintiff's hourly rate from $375.00 to $300.00 in a FDCPA case because the attorney "did not provide evidence indicating that her experience or the circumstances of the case warrant[ed] a high-end fee"); *Alston v. Summit Receivables*, No. 617CV1723ORL31DCI, 2018 WL 3448595, at *10 (M.D. Fla. June 27, 2018) (finding the reasonable hourly rate for counsel in a FDCPA case to be $300.00 per hour), *report and recommendation adopted*, No. 617CV1723ORL31DCI, 2018 WL 3436789 (M.D. Fla. July 17, 2018); *Castro v. Capital One Servs., LLC*, Case No. 8:16-cv-889-T-17TGW, 2017 WL 6765246, at *3 (M.D. Fla. Dec. 15, 2017) (finding that a reasonable hourly rate for attorneys in FDCPA and FCCPA cases ranged between $100.00 and $300.00) *report and recommendation adopted*, 2018 WL 276126 (M.D. Fla. Jan. 2, 2018); *Hering v. Halsted Fin. Servs.*, LLC, Case No. 8:17-cv-1439-T-33MAP, 2017 WL 4355626, at *6 (M.D. Fla. Oct. 2, 2017) (finding that a reasonable hourly rate for attorneys in FDCPA and FCCPA case was $250.00 for associate attorney and $350.00 for managing partner); *see also Toste v. Beach Club At Fontainebleau Condo. Assn., Inc.*, No. 1:20-CV-23771-KMM, 2026 WL 950546, at *4 (S.D. Fla. Mar. 2, 2026) (finding rates ranging from $300.00–375.00 per hour for counsel to be reasonable in a FDCPA case), *report and recommendation adopted*, No. 1:20-CV-23771-KMM, 2026 WL 950558 (S.D. Fla. Mar. 25, 2026). Accordingly, based on the foregoing, the undersigned finds it appropriate to reduce counsel's hourly rate to $300.00.

With respect to the number of hours billed, though counsel's affidavit states that she spent 8.7 hours litigating this matter at her hourly rate, her billing records reflect that only 7.9 hours were billed. The Court finds 7.9 hours to a reasonable amount of time to expend on a FDCPA case where the Defendant did not appear. Therefore, the Court recommends that fees be granted in the amount of $2,655.00 (7.9 hours at $300.00 per hour plus counsel's $285.00 consultation fee).

Plaintiff seeks costs in the amount of $515.00, consisting of $405.00 for the federal filing fee, $85.00 for service of process, and $25.00 for a notary fee. Costs which may be taxed to a losing party are specifically enumerated in 28 U.S.C. § 1923. Under the statute, while filing fees and service of process fees are taxable costs, notary fees are not. 28 U.S.C. § 1923. Moreover, though service of process fees are generally taxable under 28 U.S.C. § 1920(1), such fees may not exceed allowable rate charged by the United States Marshal's Service. *Beach Mathura v. Am. Airlines*, Inc., 571 F. App'x 810, 812–13 (11th Cir. 2014). The current rate charged by the United States Marshal's Service is $65 per hour for each item personally served, plus travel and other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3). Here, Plaintiff has failed to provide sufficient information regarding the time spent or expenses incurred during service of process for this Court to determine that the fee charged by Plaintiff's process server does not exceed the allowable rate charged by the United States Marshal's Service. The Court thus finds it appropriate to reduce the service of process fee to $65.00 and recommends that Plaintiff be awarded $470.00 in total costs, comprised of the federal filing and reduced service of process fee.

## IV. Conclusion

It is **RECOMMENDED:**

1. Plaintiff's Motion for Default Judgement (Doc. 14) be **GRANTED**.
2. The Clerk be directed to enter final default judgment against Defendant in the amount of $250.00.
3. Plaintiff awarded attorneys' fees in the amount of $2,655.00 and costs in the amount of $460.00

**IT IS SO REPORTED** in Tampa, Florida, on September 28, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.